<table>
<tr><td>DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>1437 Bannock Street<br>Denver, Colorado 80202</td><td>DATE FILED: June 12, 2024 12:39 PM<br>FILING ID: 72EAB498761B9<br>CASE NUMBER: 2024CV31786</td></tr>
<tr><td>Plaintiff:<br><br>STEPHANIE GREIN<br><br>v.<br><br>Defendants:<br><br>CORY BEHUNIN; DEMETRIUS CONTRERAZ and RASIER LLC</td><td>▲ Court Use Only ▲</td></tr>
<tr><td>Attorneys for Plaintiffs:<br>J. Kyle Bachus, #24441<br>Chase T. Allen, #57603<br>BACHUS & SCHANKER, L.L.C.<br>950 17th Street, Ste. 1050<br>Denver, CO 80202<br>Phone Number: (303) 893-9800<br>Fax Number: (303) 893-9900<br>Email: kyle.bachus@coloradolaw.net<br>Chase.allen@coloradolaw.net</td><td>Case Number:<br><br>Division:</td></tr>
<tr><td colspan="2">CIVIL COMPLAINT AND JURY DEMAND</td></tr>
</table>

COMES NOW the Plaintiff, Stephanie Grein, through her attorneys, BACHUS & SCHANKER, LLC, and for her Complaint against Defendants Cory Behunin, Demetrius Contreraz and Rasier, LLC states and avers as follows:

## PARTIES AND VENUE

1. At all times relevant to this action, Plaintiff Stephanie Grein was a citizen and resident of the State of Nevada, with a residential address of 1303 Brookridge Court in Reno, Nevada.

2. At all times relevant to this action, Defendant Cory Behunin was a resident of the State of Colorado, with a residential address at 2084 W. 76th Avenue, Denver, Colorado 80017.

3. At all times relevant to this action, Defendant Demetrius Contreraz was a resident of the State of Colorado, with a residential address of 3625 S. Verbena Street in Denver, Colorado 80237.

4. At all times relevant to this action , Defendant Rasier, LLC was a foreign corporation organized under the laws of Delaware and authorized to conduct business in Colorado, with a principle office address of 1455 Market Street, 4th Floor, San Francisco, California 94103. Rasier's registered agent is The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, Colorado 80112.

5. This action arises out of a motor vehicle collision on June 14, 2021 on westbound Interstate 70, near the North Havana Street exit, in the City and County of Denver.

6. Venue lies in the District Court for the City and County of Denver pursuant to C.R.C.P. 98(c).

**GENERAL ALLEGATIONS**

7. Plaintiff incorporates all previous allegations as though fully set forth.

8. On June 14, 2021, Plaintiff was a passenger in a 2015 Kia Forte, owned and operated by Defendant Contreraz, travelling westbound on Interstate 70 in the right hand lane, approaching the Havana Street exit.

9. At the same time and place, Defendant Behunin was operating a 2008 Chevrolet Cobalt in the second lane right hand lane.

10. As traffic ahead of him slowed, Defendant Contreraz drove carelessly and negligently and abruptly executed a lane change into the lane occupied by Defendant Behunin.

11. Defendant Behunin drove carelessly and negligently and failed to maintain a proper lookout on traffic ahead, and collided with the right rear corner of Defendant Contreraz vehicle at a speed of approximately 50 mph.

12. At the time of the collision, Defendant Contreraz was acting as an agent and/or employee of Defendant Rasier, and operating within the course and scope of his agency and/or employment.

13. As a result of the collision, Plaintiff sustained physical injuries.

14. As a result of her injuries, Plaintiff has incurred damages, including economic and non-economic damages, and temporary and permanent physical impairment and disfigurement.

15. Plaintiff was not comparatively negligent in causing the collision.

**FIRST CLAIM FOR RELIEF**

**(Negligence – Defendant Behunin)**

16. Plaintiff incorporates all previous allegations as though fully set forth.

17. Defendant owed Plaintiff a duty to exercise reasonable care in the operation of the vehicle he was operating at the aforementioned time and place.

18. Defendant breached that duty of care by operating the vehicle in a negligent and reckless manner and by failing to maintain a proper lookout for traffic ahead and following too closely.

19. As a direct and proximate result of Defendant's negligence, Plaintiff experienced injuries and damages as set forth above.

**<u>SECOND CLAIM FOR RELIEF</u>**

**(Negligence Per Se – Defendant Behunin)**

20. Plaintiff incorporates all previous allegations as though fully set forth.

21. At the time and place of the occurrence outlined above, Defendant operated the vehicle in violation of applicable municipal ordinances and statutes of Colorado, including but not limited to: C.R.S. § 24-4-1402, Careless Driving, and C.R.S. § 42-4-1008, Following Too Closely

22. Plaintiff is a member of the class for whose protection the above-mentioned statutes were enacted.

23. The injuries and damages sustained by Plaintiff are the kinds of injuries and damages sought to be prevented by the above-mentioned statutes.

24. Defendant's breach of the above mentioned statutes was a direct and proximate cause of Plaintiff's injuries.

25. The breach of duty by Defendant outlined above directly and proximately caused the Plaintiff to suffer damages as set forth above.

**<u>THIRD CLAIM FOR RELIEF</u>**

**(Negligence – Defendant Contreraz)**

26. Plaintiff incorporates all previous allegations as though fully set forth.

27. Defendant Contreraz owed Plaintiff a duty to exercise reasonable care in the operation of his motor vehicle to avoid the foreseeable risk of injury.

28. Defendant breached that duty by operating a vehicle in a negligent and careless manner and by failing to maintain a proper lookout for traffic while executing a lane change.

29. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and damages as set forth above.

## FOURTH CLAIM FOR RELIEF

**(Negligence Per Se – Defendant Contreraz)**

30. Plaintiff incorporates all previous allegations as though fully set forth.

31. At the time and place of the occurrence outlined above, Defendant operated the vehicle in violation of applicable municipal ordinances and statutes of Colorado, including but not limited to: C.R.S. § 24-4-1402, Careless Driving, and C.R.S. § 42-4-1007, Driving on roadways laned for traffic.

32. Plaintiff is a member of the class for whose protection the above-mentioned statutes were enacted.

33. The injuries and damages sustained by Plaintiff are the kinds of injuries and damages sought to be prevented by the above-mentioned statutes.

34. Defendant's breach of the above mentioned statutes was a direct and proximate cause of Plaintiff's injuries.

35. The breach of duty by Defendant outlined above directly and proximately caused the Plaintiff to suffer damages as set forth above.

## FIFTH CLAIM FOR RELIEF

**(Vicarious Liability/Respondeat Superior – Defendant Rasier)**

36. Plaintiff incorporates all previous allegations as though fully set forth.

37. At the time and place of the occurrence outlined above, Defendant Contreraz was an agent and/or employee of Defendant Rasier

38. At the time of the collision, Defendant Contreraz was acting within the course and scope of his agency and/or employment with Defendant Rasier.

39. The acts or omissions of Defendant Contreraz are by law deemed the acts or omissions of Defendant Rasier.

40. Defendant Rasier is vicariously liable for Plaintiff's damages as set forth above.

## JURY DEMAND

Trial to a jury of six (6) is demanded on all issues so triable.

WHEREFORE, Plaintiff Stephanie Grein prays for judgment against Defendants in an amount to be determined at trial, pre- and post-judgment interest, costs and expert witness fees, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted this 12th day of June, 2024.

BACHUS & SCHANKER LLC

By:*/s/ J. Kyle Bachus, Esq.*
J. Kyle Bachus, #24441
Chase T. Allen, #57603
*Attorneys for Plaintiff*

Plaintiffs' Address:
1303 Brookridge Court
Reno, NV 89509